## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: A.L.**

**No. 14-1127** (Raleigh County 14-JA-36)

**FILED**

June 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother A.B, by counsel Michael P. Cooke, appeals the Circuit Court of Raleigh County's September 26, 2014, order terminating her parental rights to fifteen-year-old A.L. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S. L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Colleen M. Brown-Bailey, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without granting her a post-adjudicatory or dispositional improvement period.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2014, the DHHR filed an abuse and neglect petition based on the child's allegations that petitioner and her husband, the child's stepfather, were "injecting drugs" daily; that they got into "physical domestics" often; and that the child was absent forty days from school during the 2013-2014 school year. Although represented by counsel, who was present on her behalf, petitioner did not appear in person at the adjudicatory hearing held in March of 2014; petitioner contended that her failure to appear was due to inclement weather.[2] To provide petitioner the opportunity to be present in person, the circuit court continued the adjudicatory hearing for thirty days.

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

[2]The DHHR also states in its brief to this Court that petitioner failed to appear at the preliminary hearing held in February of 2014. However, the circuit court's order from that hearing notes her appearance.

In April of 2014, the circuit court held the continued adjudicatory hearing. Petitioner again failed to appear in person, but appeared by counsel. The circuit court heard evidence from the DHHR that supported the allegations in the petition as to petitioner's drug use and the child's absences from school. Based on the same, the circuit court found that petitioner abused and neglected the child.

Between June and August of 2014, the circuit court held three dispositional hearings. Petitioner appeared in person at both the first and the last of these three dispositional hearings, but she did not appear at the second such hearing because she was admitted, voluntarily, into a detoxification program that day. At the first dispositional hearing, the DHHR presented evidence that petitioner failed two recent drug screens and failed to place her name on the waiting list at a substance abuse treatment facility, as directed by the DHHR. At that hearing, petitioner moved for a post-adjudicatory improvement period, but the circuit court deferred ruling on that motion and granted a thirty-day continuance to provide petitioner time to attend substance abuse treatment and demonstrate her improvement. At the second dispositional hearing in July of 2014, the DHHR presented evidence that petitioner again failed a drug screen in June of 2014. Despite the DHHR's motion to terminate her parental rights, the circuit court granted petitioner an additional thirty-day continuance to allow her more time to complete the detoxification program and then attend inpatient substance abuse treatment.

At the final dispositional hearing in August of 2014, the circuit court heard proffers of counsel that petitioner completed the seven-day detoxification program, but petitioner had failed to pursue inpatient substance abuse treatment or otherwise demonstrate any improvement since her completion of detoxification. Petitioner admitted that she would have to repeat the detoxification program to participate in inpatient treatment and moved for an additional forty-five days to do so. The DHHR moved for termination of petitioner's parental rights, arguing that she had "essentially done nothing" since completing the detoxification program weeks prior to the final hearing. The circuit court denied petitioner's motion and found that she had a severe drug addiction; that she failed to demonstrate any improvement, despite two continuances to do the same; that she could not correct the issue in the near future; and that the child required permanency. By order entered on September 26, 2014, the circuit court terminated petitioner's parental rights to the child. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record

viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner assigns error to the circuit court's termination of her parental rights without granting her a post-adjudicatory or dispositional improvement period. West Virginia Code §§ 49-6-12(b)-(c) and 49-6-5(c) provide circuit courts discretion in granting post-adjudicatory and dispositional improvement periods upon a showing that the parent is likely to fully participate in the same. In the case sub judice, the only evidence that petitioner was likely to fully participate in an improvement period was her counsel's proffer as to her intentions. The record on appeal clearly indicates that the child witnessed petitioner injecting intravenous drugs and that petitioner failed multiple drug screens even after the first dispositional hearing. Despite the circuit court's many attempts to provide petitioner with more time to demonstrate improvement, petitioner failed to remain drug-free or complete inpatient substance abuse treatment. Based upon our review of the record on appeal, we find no error in the circuit court's termination of petitioner's parental rights without granting her an improvement period.

For the foregoing reasons, we find no error in the circuit court's September 26, 2014, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: June 15, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II